CITY OF MEMPHIS *v.* R. F. LOONEY *et al.*

1. MUNICIPAL CORPORATIONS. *Power and means of collecting taxes under act of 1873, ch. 102, etc.* The city of Memphis filed a bill under the act of 1873, ch. 102, to which objection was made by demurrer, that the bill alleges lands and lots had been sold for taxes and bid in by the complainant, and points to no defect of title under the proceeding for sale; that, according to the allegations of the bill, complainant has acquired a perfect title, and her remedy is by an action of ejectment. *Held,* the act of 1873 gives the Chancery Court jurisdiction to evict persons from land in behalf of a corporation, that has bid the same in, at the prices of the taxes due thereon.

2. SAME. *Same. County commissioner need not be party. When.* The power given to the county commissioner to sue is merely cumulative to that of the corporation already vested by law. It is not necsesary that the suit should be brought in his name.

3. SAME. *Same. Statute of limitations.* It is not in the power of the corporation to relieve one and impose upon another a burden, and no laches on its part, or that of its officers, can defeat the right of the public to have collected and rightfully appropriated the public taxes. As against this right, there is nothing of such a character that justice requires an estoppel, or limitation should be asserted.

FROM SHELBY.

Appeal from the Chancery Court. R. J. MORGAN, ·Chancellor.

S. P. WALKER, G. A. HANSON and O. W. METCALF for complainant.

PIERCE & DIX for defendants.

TURNEY, J., delivered the opinion of the court.

The bill was filed under the act of 1873, ch. 102, approved March 21. The preamble is: "Whereas, the different municipal corporations in the State have, from year to year, become the purchasers of large quantities of land by bidding the same in at the prices of the taxes due thereon; and whereas, by reason of the irregularity and void character of said sales, the said municipal corporations have been defeated for many years in the collection of a large amount of taxes: Now, therefore, for the purpose of effecting an early collection of said taxes by an enforcement of the lien of said municipal corporations upon said lands for the same:"

The first section enacts in substance that commissioners elected under the act of December 6th, 1871, for the collection of taxes due the State, are empowered, if authorized by an ordinance of the municipal government, to collect all unpaid taxes due the corporation in accordance with the provisions of this act.

Section 2 enacts: "That the revenue collectors of the said municipal corporations shall, within thirty days after the passage of this act, or as soon thereafter as practicable, furnish to said commissioners a descriptive list of all lands and town lots within the corporate limits of the said municipal corporations which have

been condemned and sold for taxes due the said municipal corporations since the year 1865 inclusive, and bought in by the said municipal corporations and not redeemed, together with the amount of taxes due thereon."

Section 3: "That such commissioner, upon receiving said list, shall without delay proceed to collect the taxes due upon the respective parcels of land described therein; and for this purpose he may file his bill in the chancery court for the county where the lands lie, in his own name as commissioner of revenue, for the use of the municipal corporation, and against the parties owning or claiming the lands at the date of filing the bill," etc. . . . . . . . . . . . . "The bill shall allege the lien of said municipal corporation upon said lands for unpaid taxes assessed against it, and shall pray for an enforcement of the same by a sale of said land and an application of the proceeds to the payment of said taxes."

The complainant accepted the provisions of this statute by the passage of an ordinance directing the institution of suits.

The demurrer makes the objection that the bill alleges the lands and lots had been sold for taxes and bid in by complainant, and points to no defect of title under the proceedings for sale; that according to the allegations of the bill complainant has acquired perfect titles, and her remedy is by action of ejectment.

In the absence of the statute, the objection might perhaps be well, but as already seen, the preamble

and enacting clauses of the statute embrace all lands sold for taxes. The revenue collector for the corporation is to furnish to the county commissioner a list of *all lands and town lots which have been condemned and sold for taxes.*

And such commissioner shall without delay proceed *to collect the taxes due upon the respective parcels described in the list,* and for this purpose may file his bill in chancery. No distinction is taken as to lands sold under regular proceedings carrying with them a perfect title by virtue of a sale thereunder, nor are such lands excluded by implication from the operation of the statute, but on the contrary, are included in its express terms.

The *list of all lands and town lots sold and the taxes,* etc., is the only guide to the commissioner in the bringing of suits. He is not required to investigate titles, to pass upon the regularity of sales, but simply to collect the taxes, and for this purpose may pursue the remedy in chancery given by the statute.

In cases in which the sales are regular and valid, no hurt can result to them for whose taxes the sales were made. The statute converts the absolute title into a lien, and preserves to the owner the right to reinvest himself upon the payment of taxes due.

The passage of the ordinance for the bringing of the suit and the institution of the suit by the corporation, is an acceptance of the terms of the statute and a recognition of the legal title in the original owner, and the claim of a lien merely by the corporation. If, however, such owner prefer, he may dis-

claim title in himself, and be relieved of costs accruing in the proceedings under the bill, to which by the terms of the act he must be made defendant.

The statute is to the mutual benefit of the corporation and the tax-payer, in curing the evils of defective sales and relieving against such as are regular and valid. It is argued that the suit should have been in the name of the commissioner, as provided by law creating the right. We answer, the commissioner for the county is not an officer of the corporation, nor subject to its control, and cannot be compelled by it to bring suit. If the corporation elect to proceed against him for his failure to sue, it must do so by bill in chancery, bringing with him the defaulting tax-payers, as well as the list of the lands and lots for which the taxes are unpaid, accomplishing by this means precisely the same results as are accomplished in a bill without having him before the court. Besides, the power given him to sue is merely cumulative to that of the corporation already vested by law.

It is urged the statute of limitations of six years obtains as to part of the taxes claimed to be due.

The first item is for the corporate year from January 1, 1868, to January 1, 1869. The statute under which the bill is filed was passed March 1st, 1873, and goes back to and includes the taxes due in 1865. This was, by legislative enactment, an extension if not an abolition of the statute of limitations, (if any existed) as to all taxes not due for the term of six years at the passage of the law. We are of opinion, however, that no statute of limitations will or can apply; we

concur in the rule laid down by Judge Dillon in his Law of Municipal Corporations, Vol. 2, sec. 533, as follows: "Upon consideration it will perhaps appear that the following view is correct: Municipal corporations, as we have seen, have in some respects a double character—one public, the other, (by way of distinction) private. As respects property not held for the public use or upon public trusts, and as respects contracts and rights of a private nature, there is no reason why such corporations should not fall within limitation statutes and be affected by them. For example, in an action on a contract or for a tort, a municipal corporation may plead or have pleaded against it the statute of limitations. But such corporation does not own and cannot alien public streets or places, and no laches on its part or on that of its officers can defeat the right of the public thereto; yet there may grow up in consequence private rights of more persuasive force in the particular case than those of the public. It will perhaps be found that cases will arise of such a character, that justice requires that an equitable estoppel shall be asserted, even against the public, but if so, such cases will form a law unto themselves and not fall within the legal operation of limitation enactments. The author cannot assent to the doctrine, that as respects public rights, municipal corporations are within ordinary limitation statutes. It is unsafe to recognize such a principle. But there is no danger in recognizing the principle of an *estoppel in pais* as applicable to such cases, as this leaves the court to decide the question, not by the

mere lapse of time, but by all the circumstances of the case, to hold the public estoppel or not, as right and justice may require." We think the rule eminently sound.

The case before us comes strictly within it. All the citizens of the corporation are interested in its taxes and their prompt collection. They are presumed to be levied for the public good, and each citizen who receives the benefits should share the burdens of municipal governments; taxes are levied and collected for the public use and upon public trusts. It is not in the power of the corporation to relieve one and impose upon another a public burden, and no laches on its part or that of its officers can defeat the right of the public to have collected and rightfully appropriated, the public taxes. As against this right there is nothing of such a character that justice requires an estoppel or limitation should be asserted.

Reverse the decree.