## J. N. HAYS v. D. A. HUNT.

### *Tax Titles.*

1. The power of the sheriff in selling land for taxes, being a naked one, uncoupled with an interest, is strictly construed, so that he must conform in its execution to the terms of the statute which creates and confers it; but, the main object of the statute being to raise revenue for the state, the courts will not exact such a rigid observance of forms as will defeat the primary purpose, but will apply to such sales the rules applicable to execution sales for private debts.

2. The test of the validity of the sales just mentioned is the knowledge which the purchaser has, or is presumed to have, because of his opportunity to know, of the observance by the officer of the prerequisites to such sales.

3. Where the non-observance of the statutory requirements are known to the purchaser, or where he has participated in their violation, he will get no benefit from his purchase.

4. Under these rules, a purchaser of land sold for taxes will get no title when he has not observed the mandate of the statute, to pay the amount of the taxes, take a receipt from the sheriff, and have the same registered.

(*Avery* v. *Rose,* 4 Dev. 549, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1881, of WILKES Superior Court, before *Seymour J.*

This is an action for the recovery of the possession of certain lands, sold by the sheriff of Wilkes county for taxes.

The lands had formerly belonged to the father of defendant, but after his death, his sons took the possession in 1864, claiming title under his will. This possession they continued to hold until 1869, when a deed was made by J. O. Martin, one of the sons, to the defendant D. A. Hunt, who was a daughter, and her two brothers Benj. P. Martin and Leland Martin, and since that time she has had the sole occupancy. The land was sold for taxes assessed in 1869, and amounting, both state and county, to the sum of $59.74. It had been given in for taxation in the name of " Leland Martin & Co."

The sale took place on the first Saturday of December, 1872, when one Welch was the highest bidder and declared the purchaser at the price of $40, which was more than the amount due for state taxes alone, and less than the amount of the combined taxes. Welch, on the day of the sale, assigned half his interest, under the bid, to the plaintiff, and some two years thereafter assigned to him the other half. There was no money paid, or receipt taken, on the day of the sale, and none paid until after the plaintiff had acquired the whole interest, the precise date of which, however, does not appear in the case. The sheriff made a deed to the plaintiff on the 5th day of April, 1875. On the trial, the sheriff testified that he first advertised the land for sale on the first Saturday in November, 1872, and that he gave Leland Martin written notice thereof, and also handed him a copy addressed to the defendant, which he undertook to deliver to her, but there was no evidence that such was ever done, and on the contrary the said Leland testified that the sheriff had never given him a copy of the notice for her.

The sheriff also testified that he postponed the sale from

the first Monday of November to the first Monday in December " to give indulgence," and that Leland Martin was present and had notice of such postponement, and that notice thereof was posted at the court-house door and other public places. The sale was by virtue of the act of 1871–'2. ch. 16, which empowered sheriffs and others, charged with the collection of taxes for the years 1869, 1870 and 1871, to collect arrears of taxes due them for the years aforesaid under such rules and regulations as are now prescribed by law for the regular collection of taxes.

There was no question made as to the amount of the taxes assessed upon the land, and it was shown in evidence that the sheriff levied on the land in question on the 29th May, 1872, and made return thereof to the clerk, who confirmed and docketed the same and issued an execution thereunder.

After developing his case to the extent set forth in the foregoing statement, the plaintiff closed, and thereupon the presiding judge intimated an opinion that he had failed to establish his title to the land for the following reasons, among others: 1. Because no notice was shown to have been given to the defendant. 2 Because the land was struck off to Welch for $40, when it was the duty of the sheriff to have bid in the same for the state, as less than the amount of taxes due had been offered. 3. That it was the duty of the purchaser to have immediately paid the amount of the taxes due and have taken a receipt therefor from the sheriff, and to have had the same registered, whereas, in fact, for the whole time during which the defendant had a right to redeem the land, she had no notice as to the purchaser.

Upon this intimation plaintiff submitted to a non-suit and appealed.

*Messrs. J. M. Clement* and *W. H. Bailey,* for plaintiff.
*Messrs. Armfield, Furches* and *Folk,* for defendant.

RUFFIN, J., after stating the case. Of the points made

by his Honor, we deem it only necessary to consider the last, as that is decisive of the case against the plaintiff.

The directions given in the statute, under which the sale was made, in regard to the mode of proceeding to sell the lands of a delinquent tax-payer, are briefly as follows: If the party charged has no personalty, the sheriff shall levy on his lands, and shall return a list of the levy to the probate judge, who shall confirm the same by issuing execution as in cases of other judgments, and shall enter the same on his docket as in case of other executions. The sheriff shall notify the delinquent of such levy, and of the day and place of sale, by service of notice personally on delinquent if to be found in the county. The sale shall be made at the court-house door of the county in which the land lies, and shall be conducted in all respects as a sale under an execution. The highest bidder to be the purchaser, who shall *immediately* pay the amount of taxes and costs due to the sheriff, who shall give him a receipt, setting forth the sum paid, and upon what account, and describing the property, and shall cause the same to be recorded in the office of the register of deeds. The delinquent may retain the possession of the property for twelve months after the sale, and within that time may redeem by paying to the purchaser the amount of his bid with twenty-five per cent. added, or, if the purchaser shall refuse to accept it, the delinquent may pay the amount to the clerk of the superior court for the use of the purchaser, and the clerk may give a receipt therefor, and the delinquent may cause the receipt of the clerk to be registered, and the register shall refer to such registration in the margin of the registration of the receipt from the sheriff to the purchaser. After the payment to the purchaser, or to the clerk for his use, his rights under the purchase shall cease.

The character of the authority conferred upon our sheriffs to sell lands for taxes has been the subject of frequent dis-

cussion in this court, and there have been many adjudications upon the terms of the several statutes by which the authority to sell has been given, determining when their provisions so affected the essence of the sale as to require a strict and liberal compliance therewith; or when, on the other hand, they were merely directory to the officer himself, and such as did not by their non-observance affect the validity of the title acquired by a sale under him. It is not needed that we should cite all the cases, or refer to the points settled by each one of them. The result of them all seems to be this: As the general rule, the power of the sheriff, being a naked power uncoupled with any estate of his own, is strictly construed, so that he must conform, in its execution, to the terms of the statute which creates and confers it. But still, the main object of the law being to raise revenue for the state, the courts will not exact such a rigid observance of forms as will defeat such primary purpose, but will apply to sales for taxes the same reasonable rules of construction as govern sales under execution for private debts.

With regard to sales of the latter sort, the rule has always been that while a failure on the part of the officer to observe certain directions of the law would defeat any sale which he might make, there were still some other matters, apparently amounting to mandates, which might be omitted without being attended with consequences injurious to purchasers, and the true test in such cases is the knowledge which the purchaser has, or is presumed to have, because of his opportunities to know of the officer's default.

Innocent purchasers are protected, that is, those who did not, and could not, because of their want of opportunity, know whether the prerequisites to the sale had been complied with or not. But where the violation of the law is known to the purchaser, and more especially when he has

procured it, he will rèceive no protection from the law and can take no benefit from his purchase.

Such a person is not permitted to say that that which the law requires him to do is unimportant in itself, and merely directory, but he must do all the law enjoins upon him, and do it in the manner and at the time prescribed ; and doubly incumbent is this duty upon him, if prejudice to another can be the result of failure or delay on his part. An application of this principle to the case now under consideration, seems fatal to the claim of the plaintiff. The direction of the statute to the plaintiff was plain and simple, as soon as declared to be the purchaser. As the latest and highest bidder, it was his duty *immediately* to pay the sheriff the amount of the taxes and costs then due, and to take from that officer, after its registration, a receipt for the amount paid. The object of this requirement was manifestly for the benefit and protection of the delinquent tax-payer. Extending to him the privilege of redeeming his land within twelve months next after the sale, the law intended that he should have the earliest possible notice, and at a place certain, of the sale, the name of the purchaser, and the amount necessary to be paid by him, in order that he might be restored to the complete ownership of his land.

It will not do to say that all this information he could acquire by the return of the sheriff on the execution. In the first place the law did not impose on the sheriff the duty of making an immediate return of the execution, but treating it as he could other executions issuing from the same office, he might postpone his return for several months —possibly until the next term of the court—by which time much of the period allowed the delinquent for redemption may have transpired, without that notice which it was intended he should have. But whether so or not, the law intended he should have this other source of information ; and no one will be permitted to deprive him of that advan-

tage and at the same time and by the same act take a bene-
fit to himself.

In such a case the sale is void, because the officer, clothed
only with a naked power, has exceeded the terms of his
delegated authority, and in doing so has been aided and
abetted by the purchaser.

As said by this court, in the case of *Avery* v. *Rose*, 4 Dev.,
549, there is no instance in which the law allows a person
who is to do a thing, or to do it at a particular time, to have
himself the benefit of it, when omitted, as if it were done,
or done in due time—and certainly not in a case where the
delay is a prejudice to another and the effect of the act
when completed is to defeat a former estate.

If the purchaser is not held to the time prescribed by the
statute, then he has an indefinite period, and as in this case
may postpone, for over two years, doing that which the law
said should be done *immediately*.

Besides the matters of form, such as we have been con-
sidering, there are other matters of substance held to be
essential in every case and as to all persons, to give validity
to a sale for taxes, and it may be questioned, indeed, whether
the immediate payment of the amount of taxes due, and
the registration of the sheriff's receipt therefor, do not come
within that class. If not so, it certainly is of so much con-
sequence to the former owner as, if omitted, or unreasonably
delayed, by the purchaser, will render the sale void as to
him.

We hold, therefore, with His Honor in the court below,
that the plaintiff has failed to establish his claim to the
land sued for.

No error.                                        Affirmed.