IDA LAW *et al.*

*v.*

THE PEOPLE *ex rel.* Tax Collector.

*Filed at Ottawa January 25, 1886.*

1. BACK TAXES—*abandonment thereof—sale of land under judgment not including back taxes.* Where the State sells land in satisfaction of a tax judgment, it can not defeat the purchaser's title by a re-sale of the same land for taxes which were due and owing when the judgment was rendered, and might have been included in it. Such sale will be taken as an abandonment of all back taxes.

2. Forty-five lots were assessed as a single tract of land from 1873 to 1879, including the latter year. The tract was forfeited for the taxes of 1873 to 1878, inclusive, except for the year 1875. In 1880 the lots were assessed separately, and the current year's taxes extended on each lot up to 1884, dropping the back taxes from the books. In 1884 the clerk apportioned the back taxes upon the lots. In 1880, however, judgment had been rendered against them for the taxes of 1879, and the lots were all sold at tax sale in

1881 to a purchaser who paid the taxes on them for the years 1881 to 1883: *Held*, that the purchaser took the lots discharged from the back taxes, and that it was error to render judgment against the lots for such taxes as against the purchaser, the sale thereof being an abandonment of the back taxes.

Appeal from the County Court of Cook county; the Hon. Richard Prendergast, Judge, presiding.

Mr. Edward Roby, for the appellants:

After subdivision of the tract into lots, and a partition of the lots among the heirs, an assessment by any other description than that subdivision, and in any other quantity than as single lots, is void.   Rev. Stat. chap. 120, secs. 4, 58, 62, 63, 66, 76; *Gage* v. *Rumsey*, 73 Ill. 473; *Howe* v. *People*, 86 id. 288; *Pitkin* v. *Yaw*, 13 id. 253.

Judgment was rendered against these lots for the taxes due on them in 1881.   That is conclusive on the plaintiff, and on the *status* of the land, so far as that plaintiff is concerned.   *Williams* v. *Amroyd*, 7 Cranch, 432; 3 Wheat. 246; *Golston* v. *Hoyt*, 3 Johns. 561; *Gray* v. *Gillilan*, 15 Ill. 453; *Cole* v. *Favorite*, 69 id. 457; *Graceland Cemetery Co.* v. *People*, 92 id. 619; *Sheldon* v. *Patterson*, 55 id. 507; *Gaddis* v. *Leeson*, id. 525.

Mr. George Willard, and Mr. William Law, for the appellee.

Mr. Chief Justice Mulkey delivered the opinion of the Court:

The People, on the application of the collector, recovered a judgment in the county court of Cook county, at its July term, 1885, against certain lots belonging to the appellants, Ida Law and others, who bring the case here for review.

The judgment was for the back and forfeited taxes of 1873 to 1878, with the exception of the taxes of 1875.   Up to and including the year 1879, these lots had all been assessed by

a general description, or rather, descriptions, as one piece or single lot of land. In 1880, however, the lots, forty-five in number, were all assessed separately, and the taxes for that year were so extended on the tax books, no notice being taken thereafter of the alleged back taxes until 1884, when the county clerk seems to have made an apportionment among the lots of the forfeited and back taxes, which, it is claimed, he had no power to do. In the view we take of the case it is not important to consider this question, as it is very clear the judgment will have to be reversed on another ground.

It appears that the taxes of 1880 not having been paid, judgments were regularly obtained against the lots for the amounts assessed against them, respectively, and that they were all sold at the general tax sale of 1881, to satisfy said judgments and costs, to Asahel Gage, who paid the taxes on them for the years 1881 to 1883, inclusive, and the current taxes for 1884. For the years 1880 to 1883, inclusive, no back or forfeited taxes were extended against these lots.

Without discussing any of the other questions presented by the record, we think it clear that when the State sells land in satisfaction of a tax judgment, it can not turn round and defeat the purchaser's title by a re-sale of the same land for taxes which were due and owing when the judgment was rendered and might have been included in it. A sale under such circumstances must be regarded as an abandonment of all back taxes.

By these remarks we do not wish to be understood as expressing any opinion as to whether the back taxes for which the judgment was rendered, would, under the circumstances shown, have been recoverable had no sale been made.

For the reason stated the judgment will be reversed, and the application for judgment dismissed.

*Judgment reversed.*