## HARRY S. MECARTNEY

*v.*

## THE PEOPLE *ex rel.* S. B. Raymond, County Collector.

*Opinion filed February 18, 1903—Rehearing denied April 14, 1903.*

1. SPECIAL ASSESSMENTS—*section 56 of the act of 1897 does not have retrospective effect.* Section 56 of the Local Improvement act of 1897, providing that a judgment of confirmation shall be a lien upon the property for five years, does not have retrospective effect, so as to bar, after five years, an application for judgment of sale for an assessment confirmed before the act of 1897 took effect.

2. SAME—*life of confirmation judgment not limited to five years by act of 1872.* Section 48 of article 9 of the City and Village act, (Rev. Stat. 1874, p. 239,) providing that new assessments may be levied within five years if the city shall fail to collect the first one, does not limit the life of a confirmation judgment to five years.

3. LIMITATIONS—*statute does not run against a municipality.* The Statute of Limitations does not run against a municipal corporation acting in the discharge of a public duty.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

SHERMAN C. SPITZER, for appellant.

EDGAR BRONSON TOLMAN, (CHARLES M. WALKER, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

In July, 1902, the county collector of Cook county applied for judgment in the county court against appellant's property as delinquent in failing to pay the special assessment for curbing, grading and macadamizing the west half of South Park avenue, in Chicago. Appellant presented several objections to the application, all of which were overruled. To reverse the judgment of sale thereupon rendered, this appeal is prosecuted.

Upon the hearing, and again here, the first objection urged is, that the application for judgment and sale is barred by section 56 of the Local Improvement act of

1897, (Hurd's Stat. 1899, p. 374,) which provides that judgments for confirmation "shall be a lien upon the property assessed from the date thereof, to the same extent and of equal force and validity as a lien for the general taxes, for a period of five years, if such assessment is payable in a single sum; if payable by installments, then until five years after the last installment comes due." The judgment of confirmation was entered against the property in question November 11, 1891, and the assessment roll was certified for collection on the 21st of the same month. In June following it was returned delinquent as to this property. Application for judgment was then made in the county court, and the property owner filed objections thereto. The matter was not disposed of, but was continued. The objections were never tried, and no order was ever entered either sustaining or overruling them. The matter now arises upon a second attempt to obtain an order of sale against this property as delinquent, ten years after the date of the judgment of confirmation. The assessment was levied under the act of 1872 as amended, and under that act it is provided: "Such judgment shall be a lien upon the property assessed from the date thereof until payment shall be made." Section 56 of the act of 1897 does not have a retrospective effect, and cannot be availed of as a bar to this proceeding. (*Walker* v. *People, ante*, p. 34.) Neither can it be said that section 48 of the act of 1872, as claimed by appellant, limits the life of the judgment of confirmation to five years, that section merely providing that new assessments may be levied within five years, when the city, from any cause, shall fail to collect the whole or any portion of the first assessment.

It is also contended that the city is barred from any further attempt to collect this assessment by the statute as to possession and payment of taxes for seven successive years under claim and color of title made in good faith, and by the *laches* of the county collector in failing

to proceed to collect the same. It is a sufficient answer to both these positions to say that the Statute of Limitations does not run against a municipality acting in the discharge of a public duty. (*Greenwood* v. *Town of LaSalle,* 137 Ill. 225, and cases there cited.) For like reasons the municipality cannot be prejudiced by the *laches* or omission of duty by a public officer.

The judgment of the county court will be affirmed.

*Judgment affirmed.*