JAMES N. K. KEOLA, DEPUTY ASSESSOR AND COLLECTOR OF TAXES, WAILUKU DISTRICT, SECOND TAXATION DIVISION, *v.* SAMUEL PARKER, SR., A NON-RESIDENT.

ERROR TO DISTRICT MAGISTRATE OF WAILUKU.

ARGUED MAY 26, 1913.                    DECIDED JUNE 7, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

LIMITATION OF ACTIONS—*action for taxes.*

The statute of limitations does not run against the Territory in an action to recover taxes.

OPINION OF THE COURT BY DE BOLT, J.

This is a writ of error to review a judgment entered by the district magistrate of Wailuku, county of Maui, in an action wherein James N. K. Keola (the defendant in error), as deputy assessor and collector of territorial taxes for the second taxation division of the Territory was plaintiff and Samuel Parker, Sr. (the plaintiff in error), was defendant. The action was brought October 29, 1912, by the deputy assessor and collector of taxes in his official capacity to recover of Parker the sum of $146.85, being real property taxes assessed against him for the years 1900 and 1901.

To the declaration filed by the plaintiff the defendant answered, denying all liability for the taxes claimed, pleaded the statute of limitations and also that the tax officials had been guilty of laches in not enforcing the statutory lien of the Territory, thereby precluding, upon equitable grounds, the right to enforce the claim against the defendant. The magistrate overruled the pleas interposed by the defendant and having heard the evidence gave judgment for the plaintiff for the sum of $121.70.

Of the errors assigned the one chiefly relied upon is, that the claim is barred by the statute of limitations, the action not being "commenced within six years after the cause of such action accrued." R. L. Sec. 1791. Counsel for the plaintiff in error contends that the Territory is not a sovereign power, and, therefore, it is not exempt from the operation of the statute. On behalf of the Territory, however, it is contended that the ancient maxim *"nullum tempus occurrit regi"* applies, and that the Territory is within the application of the maxim.

"In the absence of express statutory provisions to the contrary, statutes of limitations do not as a general rule run against the sovereign or government, whether state or federal." 25 Cyc. 1006, 1007. This doctrine is founded upon the principle embodied in the ancient maxim, *"nullum tempus occurrit regi,"* and in its modern application, according to the better rule, as we think, it is applied for the protection of all rights which are of a public nature and such as pertain purely to governmental affairs. Dillon on Municipal Corporations, 5th ed., §1192; 19 Am. & Eng. Ency. Law, 2d ed., 191; 25 Cyc. 1009; *Ralston v. Town of Weston,* 46 W. Va. 544, overruling *Wheeling v. Campbell,* 12 W. Va. 36; *Simplot v. Chicago, M. & St. P. Ry. Co.,* 16 Fed. 350, 360; *Cross v. Mayor of Morristown,* 18 N. J. E. 305, 311; *Supervisors of Logan County v. City of Lincoln,* 81 Ill. 156; *County of Piatt v. Goodell,* 97 Ill. 84, 90; *In re Counties v. County of Alturas,* 4 Idaho 145, 150; *The*

*People* v. *Town of Oran,* 121 Ill. 650, 656; *Greenwood* v. *Town of La Salle,* 137 Ill. 225; *Russell* v. *City of Lincoln,* 200 Ill. 511, 522; *Mecartney* v. *The People,* 202 Ill. 51, 53; *Reed* v. *Mayor of City of Birmingham,* 9 So. 161, 164.

Judge Dillon, in volume 3, §1194, of his work above cited, says: "Municipal corporations, as we have seen, are regarded as having, in some respects, a double character,—one public, the other (by way of distinction) private. As respects property not held for public use, or upon public trusts, and as respects contracts and rights of a private nature, there is no reason why such corporations should not fall within limitation statutes, and be affected by them unless excluded from them. For example, in an action on contract or for tort, a municipal corporation may plead or have pleaded against it the statute of limitations. But such a corporation does not own and cannot alien public streets or places, and no mere laches on its part or on that of its officers can defeat the right of the public thereto. * * * The author cannot assent to the doctrine that, as respects public rights, municipal corporations are impliedly within ordinary limitation statutes. It is unsafe to recognize such a principle."

In an action brought for delinquent taxes in the State of Tennessee, the court, after quoting the rule as laid down by Judge Dillon, which we have quoted in part, says: "We think the rule eminently sound. The case before us comes strictly within it. All the citizens of the corporation are interested in its taxes and their prompt collection. They are presumed to be levied for the public good, and each citizen who receives the benefits should share the burdens of municipal governments; taxes are levied and collected for the public use and upon public trusts. It is not in the power of the corporation to relieve one and impose upon another a public burden, and no laches on its part or that of its officers can defeat the right of the public to have collected and rightfully appropriated, the

public taxes. As against this right there is nothing of such a character that justice requires an estoppel or limitation should be asserted." *City of Memphis* v. *Looney,* 68 Tenn. 130, 136.

In *The City of Waterloo* v. *The Union Mill Co.,* 72 Ia. 437, 439, the court said: "The city is but an instrument for the exercise of the authority of the state, and its municipal powers in establishing and maintaining a street are exercised in the discharge of governmental functions. The statute of limitations, therefore, will not run to defeat the exercise of its governmental authority. In cases wherein arise questions involving property or contracts which do not pertain to the exercise of their authority, the statute will run."

As to the precise status of the Territory of Hawaii, we do not deem a solution of that question essential in this case. Suffice it to say that congress has declared "That the legislative power of the Territory shall extend to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States locally applicable." Organic Act, §55. The power to authorize the assessment and collection of taxes is not only a rightful subject of legislation, but it is an indispensable power incident to all forms of civilized government. "Taxes are defined as being the enforced proportional contribution of persons and property, levied by the authority of the state for support of the government, and for all public needs. * * * The power of taxation is an incident of sovereignty, and is coextensive with that of which it is incident." Cooley on Taxation, 1, 3.

From whatever point we may view the status of the Territory as regards the rights of the public, whether as a mere municipality, or as an instrument for the exercise of the authority of the United States (*Coffield* v. *Territory,* 13 Haw. 478), the assessment and collection of taxes are of vital importance to the people of these islands. The rule, as well as the reason therefor, which a sovereign state may invoke to prevent the

running of the statute of limitations, applies with equal force to this Territory. "The obligation of the citizen to pay his taxes is regarded as a continuing public duty which is discharged only by their payment." *Wasteney* v. *Schott,* 58 Ohio St. 410, 414.

In *Hagerman* v. *Territory,* 66 Pac. 526, the supreme court of New Mexico held in a tax case similar to the case at bar that the statute of limitations did not run against the Territory.

As to the claim that the tax officials had been guilty of laches in not enforcing the statutory lien of the Territory, we find no merit in the claim. "An exemption similar to that which the government enjoys from the operation of the statute of limitations exists in equity against the defense of laches and the laches of officers and agents will not be imputed to the government." 16 Cyc. 161.

We find no merit in the contention that the statute applies because the action was brought in the name of the assessor and collector of taxes. He acted in his official capacity and the action was obviously for the benefit of the Territory. Neither do we find any merit in the contention, that the statute applies because a portion of the money when collected will go to the county of Maui.

The case of the *Metropolitan Railroad Company* v. *District of Columbia,* 132 U. S. 1, is also relied upon by the plaintiff in error. We think the case is distinguishable from the case at bar. That was an action brought by the District of Columbia to recover from the Metropolitan Railroad Company the sum of $161,622.52 for work done and materials furnished by the plaintiff in paving certain streets and avenues in the city of Washington, upon and in consequence of the neglect of the defendant to do the work and furnish the materials in accordance with its duty as prescribed in its charter.

With regard to the character of the case the court said: "It is an action on the case upon an implied assumpsit arising out

of the defendant's breach of a duty imposed by statute, and the required performance of that duty by the plaintiff in consequence.. This raised an implied obligation on the part of the defendant to reimburse and pay to the plaintiff the moneys expended in that behalf. The action is founded on this implied obligation, and not on the statute, and is really an action of assumpsit. The fact that the duty which the defendant failed to perform was a statutory one, does not make the action one upon the statute. The action is clearly one of those described in the statute of limitations." It seems to us that the case falls within that class of cases which Judge Dillon characterizes as private. It was founded upon an implied contract and the obligation thereby created was a debt. "Taxes are not debts in the ordinary sense of that term." Cooley on Taxation, 13.

The Judgment of the district magistrate is affirmed.

*Geo. A. Davis* for plaintiff in error.

*L. P. Scott, Deputy Attorney General,* for defendant in error.