(No. 24939.—)

THE CITY OF CHICAGO, Appellee, *vs.* THE EMPIRE LIQUIDATING CORPORATION, Appellant.

*Opinion filed February 20, 1939.*

THOMAS E. KEANE, and GUSTAV E. BEERLY, for appellant.

BARNET HODES, Corporation Counsel, (JOSEPH F. GROSSMAN, ARTHUR A. SULLIVAN, and J. HERZL SEGAL, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The Empire Liquidating Corporation has appealed from an order and judgment of the superior court of Cook county extending the lien of a special assessment and refunding securities issued in anticipation of the collection of installments thereof for payment of the cost of paving and improvement of a portion of Pratt avenue in the city of Chicago. The petition for extension and refunding was filed under the provisions of section 86a and 86b of the Local Improvement act. (Ill. Rev. Stat. 1937, chap. 24, pars. 792a, 792b.) The third installment of the assessment remains delinquent. Because of failure to pay the fourth

installment the property of appellant was forfeited to the State. No question is raised as to the extension and refunding of those installments. The fifth installment, due in January, 1932, was returned delinquent and the county collecter obtained an order of sale in the county court. In default of other bidders, the property was sold to the city of Chicago. The city paid no money, but certificates of sale were issued and delivered to it. The city never took out tax deeds for the property, but under the terms of section 225 of the Revenue act (Ill. Rev. Stat. 1937, chap. 120, par. 211,) filed evidence of such certificates in the office of the recorder of deeds within three years after the date of the sale. The extension and refunding of the fifth installment, only, is questioned by appellant. The claim is that the proviso in section 225 of the Revenue act, exempting municipalities from the requirement of taking out a deed within one year after the redemption period is unconstitutional, and the certificates issued are invalid; and that section 86b of the Local Improvement act, providing for the refunding of such certificates is, therefore, unconstitutional. The due process clauses of the State and Federal constitutions, and the inhibition of the State constitution against the granting of special privileges and immunities, are invoked.

Section 225 of the Revenue act provides, in part, that unless the holder of a certificate for real estate purchased at any tax sale under the act, takes out a deed, and files the same for record within one year after the time for redemption expires, the certificate or deed, and the sale on which it is based, shall, from and after the expiration of such year, be absolutely null. The challenged proviso is that any city, village or town interested in the collection of any tax or special assessment, holding a certificate of sale for real estate purchased at a tax sale, shall not be required to take out a deed for such real estate, but may preserve its lien under the certificate beyond the period of redemption by recording such certificate or evidence thereof, within three

years from its date, in the office of the recorder of deeds, or by presenting the same for registration, in case of land registered under "An act concerning land titles."

Section 86a of the Local Improvement act provides for extending and refunding special assessments and installments thereof, whether due or not, and prescribes the proceedings in such cases. Its provisions are conceded to be valid, as held in *Hoehamer* v. *Village of Elmwood Park*, 361 Ill. 422. Section 86b provides that whenever, in a proceeding under section 86a, the property liable has been sold to the municipality, and the municipality has not paid the purchase price at the sale and certificates of sale have been issued, the extension and refunding shall be made as in cases of assessments returned delinquent, withdrawn or forfeited, and the lien of the original assessment and of the certificates shall be continued and preserved by the assessment, as extended. The order of the court shall require the municipality to surrender the certificates to the county clerk for cancellation, who shall cancel them and enter a note thereof on the tax, judgment, sale, redemption and forfeiture record. If the certificates have been recorded, a certification of cancellation must be filed in the recorder's office. Thereupon, the lien of the assessments, as extended, shall stand in lieu of the lien of the original assessments and of the certificates.

The power of municipalities to purchase at such sales is derived from section 72 of the same act and is limited to cases where there are no other bidders. Section 206 of the Revenue act, as in force when the sales herein were made, required that the purchaser at a tax sale shall forthwith pay the collector the amount charged on the property, and, on failure to do so, the property shall be again offered as if no sale had been made, and in no case shall the sale be closed until payment is made or the property again offered for sale.

The parties agree that sales made and certificates issued without payment of the purchase price, as required by sec-

tion 206 of the Revenue act, are void. This court so held in *Conway* v. *Cable*, 37 Ill. 82. Other jurisdictions have announced the same rule. (*Holt* v. *Weld*, 140 Mass. 578; *Hays* v. *Hunt*, 85 N. C. 303; *Semmes* v. *Fuller*, 263 Mich. 214.) In such case, the lien of the tax or assessment is not extinguished and collection may be enforced. (*Drainage District* v. *Soucy*, 292 Ill. 584.) Therefore, the lien of the fifth installment of the assessment is still in force unaffected by the void attempt at a sale of the property. Section 86a of the Local Improvement act provides a complete method for extending and refunding such assessments and installments without resort to any provision of either section 86b of that act or section 225 of the Revenue act. It follows that the remedy sought by appellee is complete, regardless of whether section 86b of the Local Improvement act or the proviso in section 225 of the Revenue act are unconstitutional, and it is unnecessary to consider that question.

The rights of third parties who have relied upon the records showing sales to municipalities are not involved in this case and therefore not decided.

The order and judgment extending and refunding the fifth installment were correct, and are affirmed.

*Order and judgment affirmed.*