Evelyn Wilford and Vernice Wilford, Wife and Husband, et al., Plaintiffs-Appellants, v. City of Ottawa, a Municipal Corporation, et al., Defendants-Appellees.

Gen. No. 11,643.

Second District, First Division.
December 11, 1962.
Rehearing denied January 10, 1963.

Carr, Carr & Carr, of Ottawa, for appellants.

Joseph E. Lanuti, of Ottawa, for City of Ottawa, appellee.

McNEAL, P. J.

This is an appeal from a decree of the Circuit Court of LaSalle County dismissing a complaint for declaratory judgment.

In their complaint plaintiffs allege that they own certain real estate in the City of Ottawa, Illinois; that in 1921 the city levied a special assessment for the improvement of certain streets and issued special assessment bonds falling due in annual installments over a period of ten years; that an assessment of $480 payable in ten annual installments of $48 each was levied against their real estate; that the first six installments were paid; and that the City's records show that the last four installments were not paid, that a balance of $574 in unpaid installments is due, but that no bond of said issue is outstanding. Plaintiffs claim that the lien of said special assessment is barred either by the five or the ten year statute of limitations, and they asked the circuit court to enter a declaratory judgment to that effect.

The City of Ottawa filed an answer admitting substantially all of the allegations of the complaint, but denying that the lien of the special assessment is barred by the statute of limitations. The bondholders, whose names were unknown, were made parties and publication was had as to them, but they failed to enter their appearance.

The circuit court entered an order finding that by agreement of counsel the only question to be decided is whether the lien of the special assessment is barred by the statute of limitations. The court further found that the lien of a special assessment has the same effect as a lien for general taxes, and that the statute of limitations does not run against general taxes and in effect does not run as to special assessments. The

194

court accordingly dismissed the complaint for declaratory judgment, and this appeal followed.

Section 9–2–65 of the Illinois Municipal Code (Ill Rev Stats 1961 c 24, § 9–2–65) provides in part:

"Such judgment shall be a lien on behalf of the municipality making an improvement, for the payment of which the special tax or special assessment is levied, on the property assessed from the date thereof, to the same extent and of equal force and validity as a lien for the general taxes until the judgment is paid or the property against which any such judgment is entered is sold to pay the judgment."

Section 9–2–48 of the Illinois Municipal Code (Ill Rev Stats 1961 c 24, § 9–2–48) provides that the assessment may be divided into installments and that bonds may be issued. This section further provides, with respect to such bonds:

"If the bonds are in other respects in compliance with the statutes of the State of Illinois in such cases, they shall be valid and enforceable to the extent that the tax or assessment against which they are levied is enforceable or any re-levy thereof."

Section 216 of the Revenue Act of 1939 (Ill Rev Stats 1961 c 120, § 697) provides in part:

"The taxes upon real property together with all penalties, interest and costs that may accrue thereon, shall be a prior and first lien on such real property, superior to all other liens and encumbrances, from and including the first day of January in the year in which the taxes are levied until

195

the same are paid or until the real property is sold pursuant to any of the provisions of this Act . . ."

With respect to this latter statute, the Supreme Court stated in Forman Realty Corp. v. Brenza, 11 Ill2d 531, 539, 144 NE2d 623:

"The purpose of this statute is to make taxes a lien superior to all other liens without regard to priority in point of time and to continue such liens without limitation of time until taxes are paid or the lien discharged by foreclosure as provided by law. . . . The State has a *perpetual* lien on all taxable lands within its limits . . ."

In Mecartney v. People, 202 Ill 51, 53, 66 NE 873, the contention was made that the lien of a special assessment was barred by limitations. The assessment was levied under the Act of 1872, which provided: "Such judgment shall be a lien upon the property assessed from the date thereof until payment shall be made." The Supreme Court concluded that "the Statute of Limitations does not run against a municipality acting in the discharge of a public duty."

Section 56 of the Local Improvement Act of 1897 placed a five-year limitation on the lien of a special assessment, but this limitation was removed in 1915. Laws of Illinois, 1915, p 287. The liens of general taxes and of special assessments are on a parity and are equal (People v. Taylorville Sanitary District, 371 Ill 280, 286, 20 NE2d 576) and since, in the absence of a statutory limitation, the lien for general taxes is perpetual, the same is also true of a lien for special assessments.

It is our conclusion, based upon the foregoing statutes and decisions, that the decree entered by the Circuit Court of LaSalle County was correct, and that

said decree should be and the same is hereby affirmed.

Decree affirmed.

DOVE and SMITH, JJ., concur.