(No. 38369.—

Skillet Fork River Outlet Union Drainage District, Appellant, *vs.* Central Lumber Company *et al.,* Appellees.

*Opinion filed September 29, 1964.*

Loy and Cochran, of Fairfield, for appellant.

Kern and Pearce, of Carmi, for appellees.

Mr. Justice House delivered the opinion of the court:

This is an action by the plaintiff drainage district to collect delinquent assessments through foreclosure. The principal defendant, Louise Kellogg, trustee, purchased all but 3 acres of the real estate here involved for delinquent general taxes due for the years 1948 to 1952, both inclusive. After paying general taxes for the two subsequent years she received tax deeds for the properties in 1955 and 1956. Upon motions for summary judgment by the parties the circuit court of Wayne County denied foreclosure of the installments accruing prior to the tax purchaser's tax deeds and declared the liens therefor extinguished, but it decreed foreclosure of the assessments accruing thereafter. Plaintiff appeals directly to this court on the ground that public revenues are involved. See *Reed* v. *Village of Chatsworth,* 201 Ill. 480; *People* v. *Kamm,* 28 Ill.2d 151.

The original assessments were confirmed by the county court of Wayne County on January 16, 1926, payable in 15 annual installments. In 1935 that court confirmed a refund-

ing assessment payable in 30 annual installments, the first being due January 1, 1938, and the last on January 1, 1967. Facts concerning the organization of the District and the levying of original and refunding assessments are detailed in prior litigation involving the Skillet Fork District, (*Skillet Fork River Outlet Union Drainage Dist.* v. *Fogle,* 382 Ill. 77 and *People ex rel. Wheeler* v. *Harvey,* 396 Ill. 600,) and need not be repeated.

Foreclosure is sought for all unpaid installments of the original assessment, the unpaid refunding installment due January 1, 1959, interest, printer's fees and costs. There is no breakdown by years but the total claimed to be due in 1959 is in excess of $500 per 40-acre tract.

The usual method of collecting delinquent special assessments is through a regular judgment tax sale. If the property sells and the proceeds are insufficient to pay both the general taxes and special assessments they are divided pro rata. (*People* v. *Taylorville Sanitary District,* 371 Ill. 280.) Section 5—24 of the Illinois Drainage Code, (Ill. Rev. Stat. 1963, chap. 42, par. 5—24,) provides the preliminary steps. A report is to be prepared of all delinquencies by the district collector on or before September 8 of each year and certified to the county collector, and the county collector is to then make a return of such delinquencies to the court with his return of delinquent general taxes.

Here, the officers chargeable with the duty of annually certifying delinquencies did not strictly comply since certifications were made only in the years 1943, 1947, 1956 and 1958, apparently each certification being for delinquent installments in prior years in addition to the then current year. Defendants contend that certification of delinquencies is mandatory and, at least impliedly, take the position that certification must be made on or before the date fixed by the statute.

Section 5—25 of the Drainage Code (formerly section 34a of the Levee Act,) provides for foreclosure of delin-

quent assessments after forfeiture to the State upon failure to sell at the county collector's sale. In the *Fogle* case (382 Ill. 77) involving this same district, it was held that foreclosure under then section 34a was not a substitute proceeding but was an additional remedy which could be invoked only if the statute is followed. Since there had never been any certification of delinquency, a condition precedent to foreclosure had not been met. That case is authority for the proposition that before a delinquent assessment is includable in a foreclosure action it must have been certified, provided there was an opportunity to do so and there was no purchaser at the tax sale.

While certification was held to be a mandatory condition precedent to foreclosure, there was no implication that certification could not be made at a later date. The *Harvey* case (396 Ill. 600), which also involved this district, properly recognized the validity of a judgment and order of sale for the unpaid installments accruing in the years 1938 to 1943 even though the delinquencies for prior years were not certified until the year 1943. Here the delinquent installments resulted in orders of sale in 1956 and 1958 and in each instance the lands were forfeited to the State. Thus, both the certification and forfeiture requirements of section 5—25 have been met.

The trial court not only held the remedy of foreclosure unavailable but also declared the lien of the installments accruing prior to the tax deeds terminated and extinguished. Unfortunately, we cannot determine with certainty the basis of the court's ruling that the lien was extinguished. It may have stemmed from the circumstance that during the entire interval of general tax delinquency (years 1948 to 1952), for which the tax sale was had and from thence until the tax deeds were issued in 1955 and 1956, no certification was made of delinquent drainage installments, and the court could have concluded that in consequence the drainage lien was eliminated as a mortgage or similar lien. We have ex-

plored various possibilities but find no authority to justify extinguishment of the lien.

Section 5—17 of the Drainage Code specifically provides that the assessments constitute a lien upon land from the date of confirmation until paid. There is no provision in the statute for discharge or relinquishment of a lien other than by payment. This court has on many occasions sustained the validity of special assessment and drainage liens against various attacks. In *Hammond* v. *People,* 169 Ill. 545, where the debt created to make the improvement had been paid, it was held that the lien was not extinguished since the owners had failed to pay their drainage assessments. In the *Harvey* case (396 Ill. 600) the lien was not invalidated despite the failure to complete the improvement for which the assessment was made. In *City of Chicago* v. *Empire Liquidating Corp.,* 370 Ill. 631, an attempted but void tax sale was held not to extinguish the lien created by the judgment of confirmation. The case of *Mecartney* v. *People ex rel. Raymond,* 202 Ill. 51, and cases following it, (see *e.g. Wilford* v. *City of Ottawa,* 38 Ill. App. 2d 193,) hold that the Statute of Limitations does not run against a municipality acting in the discharge of a public duty.

Nor is the doctrine of estoppel available to defendants. It is firmly established that failure of a public official to perform acts enjoined on him by the statute, whether through negligence, mistake or fraud, shall not deprive a district of the public revenues. (*People* v. *Brown,* 67 Ill. 435; *People ex rel. Smith* v. *Woods,* 354 Ill. 224; *People ex rel. Barrett* v. *Bradford,* 372 Ill. 63; *Clare* v. *Bell,* 378 Ill. 128; *People* v. *Levy Circulating Co.* 17 Ill.2d 168.) Public policy dictates that neither acts of omission nor commission should prejudice the rights of government given by the statute where the public body is performing a governmental function.

The defendants rely principally upon *Law* v. *People ex rel. Tax Collector,* 116 Ill. 244. There, the collector sold

land laid out in lots to satisfy a general tax judgment but failed to include back taxes assessed against the land as a single tract. Later a second sale of the same land was attempted, and the court held that when the State sold land in satisfaction of a tax judgment it could not defeat the tax purchaser's title by a resale of the same land for taxes which were due and owing when the judgment was rendered and might have been included. The opinion cites no authority nor gives the theory upon which it is based other than to say that a sale under such circumstances must be regarded as an abandonment. Although the case has been on the books more than 75 years we find no instance where it has been seriously discussed or followed and, to the extent that it is in conflict with this holding, it is overruled.

The decree of the circuit court of Wayne County is affirmed in so far as it decreed foreclosure of assessments accruing after the tax deeds to Louise Kellogg, trustee; but is reversed in so far as it denies summary judgment for foreclosure of the lien for delinquent installments of drainage taxes prior to the tax deeds, and is remanded for entry of a decree in conformance herewith.

*Affirmed in part and reversed in part and remanded, with directions.*