## CLOSSER *v.* HANSON LAND CO.

1.  TAXATION—REDEMPTION—NOTICE UPON HEIRS.

    Since service of notice upon the heirs to redeem land from tax sales, where the person entitled to such notice is dead, is only permitted by the statute (1 Comp. Laws 1915, § 4138), when there is no executor or administrator of such deceased person's estate, in order to constitute a valid service upon the heirs, the return should show that there was no executor or administrator upon whom service could be had.

    For authorities passing on the question as to who are entitled to notice to redeem from tax sale, see comprehensive note in 44 L. R. A. (N. S.) 666.

2. SAME—NOTICE BY REGISTERED LETTER—RETURN—SUFFICIENCY.
   Where service upon nonresident heirs was attempted to be made by the sheriff by registered letter, but the testimony does not show either the return receipt of the postmaster or of the parties to whom the letter was addressed, there was no showing of a valid service under the statute (1 Comp. Laws 1915, § 4138).

3. SAME—EQUITY—DESCRIPTIONS ASSESSED AS ONE PARCEL—DIVIDING TAX—REDEMPTION.
   Although tax titles upon plaintiff's lands are held void because of insufficient notice to redeem, he will nevertheless be required, by a court of equity, as a condition to relief from the cloud upon his title occasioned thereby, to pay to defendant all taxes paid by the latter inuring to plaintiff's benefit, including those paid upon lands not owned by him, where all were assessed as one parcel.

Appeal from Mackinac; Shepherd (Frank), J. Submitted October 10, 1919. (Docket No. 31.) Decided April 10, 1920.

Bill by Dayton W. Closser against the Hanson Land Company to remove a cloud upon the title to land. From the decree rendered, both parties appeal. Affirmed.

*Dayton W. Closser, in pro. per.*

*George L. Alexander,* for defendant.

BIRD, J. Plaintiff is the grantee in the last recorded deed in the regular chain of title of the west one-half of the southwest one-fourth, the southeast one-fourth of the southwest one-fourth, the southwest one-fourth of the southeast one-fourth of section 8, township 42 north, range 6 west, Mackinac county, Michigan. The bill in this cause is filed to remove a cloud, occasioned by certain tax titles originally bought by John J. Race at the tax sales of May, 1902, and May, 1903, and now held by the defendant. After the hearing the trial

court decided that all the tax titles held by the defendant were void, some of them for the reason that the decrees were rendered prematurely and that the sales were void because an insufficient amount was paid. Also that no legal notice had been served, so as to set in motion the six months' time for redemption. But the court required the plaintiff, as a condition of relief, to pay the amount paid for the tax titles by Race originally and all subsequent taxes upon the entire south half of section 8, with interest at 5% per annum. Both parties have appealed.

The defendant is the grantee of the tax title purchaser of these lands. The company insists that the chancellor was wrong in holding that the proofs do not show a valid service of the notice to redeem.

The lands were delinquent for the years 1902 and 1903. At this time they were owned by John Berry. John J. Race purchased the titles and assigned them to the Wisconsin Chair Company. The chair company gave the notice to redeem. When they did so John Berry was dead. The sheriff, in whose hands the notices were placed, made and filed the following return:

"I do hereby certify and return that after careful inquiry made by me, I learned that the owners of the land therein described are Sager Berry and Harry Roy Berry and, upon the best information obtainable, that Sager Berry's postoffice address is 232 West Congress street, Chicago, Illinois, and that Harry Roy Berry's postoffice address is 180 State street, Chicago, Illinois, and I further certify that the last grantee under the last recorded deed on said lands is John Berry and that John Berry is now dead, and that said Sager Berry and Harry Roy Berry are his sons and sole heirs of said John Berry. I further certify and return that I have made repeated efforts since June 1, 1908, to make service upon said Sager Berry and Harry Roy Berry, at their respective postoffice addresses, by registered mail, as provided by the statute in such cases made and provided and in each instance the letter was registered and returned undelivered. I further certify

and return that I have made further inquiry to ascertain if the said Sager Berry and said Harry Roy Berry had any other postoffice address, but after said careful inquiry, have been unable to find the postoffice address, except as herein stated, of said Sager Berry and Harry Roy Berry or the whereabouts of said Sager Berry and said Harry Roy Berry.

"Dated: Sept. 11, 1908.

"JAS. G. MCCLILTOCH,

"Sheriff Mackinac County, Mich.

"My fees, $2.30, paid.

"Filed Sept. 30, 1908."

The points made against the validity of the service are:

(a) That the return does not show that service was made upon Berry's administrator, nor does it show that there was no administrator.

(b) The return does not show service upon the heirs.

a. The statutory requirement as to service of notice to redeem provides:

"* * * That if any person entitled to notice as hereinbefore provided is dead, or if his estate shall be under control of a trustee or guardian, then and in such case notice as hereinbefore provided may be served upon the executor or administrator of said deceased person, or upon his heirs, if there be no executor or administrator, or upon the trustee or guardian of any incompetent person, with like effect as if served upon the grantee, mortgagee or assignee." 1 Comp. Laws 1915, § 4138.

It seems to be clear from this provision that in the event the grantee in the last recorded deed is dead that notice shall be served on his administrator. If there be no administrator then it may be served on his heirs. This leads us to the conclusion that if valid service is to be made on the heirs, the return should show that there was no administrator of the estate because it is only when there is no administrator that the statute permits a valid service to be made upon the heirs.

*b.* The law points out with considerable exactness what shall be done in case the parties entitled to notice reside outside of the State. The material part of the statute in question reads:

"* * * *Provided further,* That if the person or persons entitled to such notice, or any of them, shall be non-residents of this State, if from the said record aforesaid, or from inquiry, the sheriff can obtain the postoffice address of such person or persons or if said addresses be known to him, he shall either send to such non-resident person or persons a copy of said notice by registered letter, and return the receipt or receipts of the postmaster received for said letter or letters with his return to the county clerk's office." * * * 1 Comp. Laws 1915, § 4138.

The testimony does not show either the return receipt of the postmaster, or of the party to whom it was addressed. One witness testified that on one occasion when he examined the files in the county clerk's office he saw among them an envelope addressed to one or the other of the heirs (he could not remember which one), and across the envelope it was marked "registered;" also the word "refused." Aside from this bit of proof it would be just as consistent to infer from the return that nondelivery was due to the fact that they were not found as to the fact that the letter had been refused by them. If the notice in a registered form was tendered to the Berrys, or either of them, in Chicago by the postoffice authorities and refused by them, there was a way of showing it which would have been not only competent but convincing. As the testimony stood the fact of service by the postoffice authorities rested in conjecture. The finding of the chancellor that the defendant did not show a valid service of the notice to redeem is approved by this court.

Plaintiff in his complaint says that, having come into a court of equity, he is willing to do equity; but

that inasmuch as the tax titles held by the defendant have been held to be null and void, he should not be required to pay anything for taxes or for tax titles on the four "forties" in the south one-half of said section 8 that he does not own. The lower court, in its decree, charged the plaintiff only for taxes on lands assessed and sold as one description, of which lands the plaintiff does own one government description.

In *Loud* v. *O'Brien,* 167 Mich. 206, this court held that an owner of land which is subject to a tax title covering other descriptions, all assessed as one parcel, cannot compel the holder thereof to accept less than the entire tax and penalty provided by the statute, in redemption. The contentions now urged by counsel for plaintiff seem to be answered and decided by the decision of this court in *McQuillan* v. *Ayer,* 189 Mich. 566, where it is said:

"Defendant is in a court of equity asking affirmative relief against complainant. In our opinion, the maxim, 'He who seeks equity must do equity,' is here applicable. There can be no doubt that the payment of the taxes by complainant and her grantors from the year 1887 down inured to the benefit of the estate now owned by the defendant. The fact that those taxes were paid by the complainant and her grantors, not as cotenant, but in reliance upon void tax titles, does not, in our opinion, affect the equities. In the case of *Sanborn Co.* v. *Alston,* 153 Mich. 456, this court said:

" 'The name given to the title acquired by the tax purchaser under the provisions of the law is immaterial. Whether we call the title absolute or conditional, he has a title which it is his right to protect by payment of subsequent taxes, and, when the original owner demands a reconveyance from him, he ought in justice and equity to be compelled to pay those taxes which the purchaser has been compelled to pay, or otherwise lose his title or lien * * * It is also held that, where a party pays the taxes in good faith, claiming title, but having none, he is entitled to a reimbursement, out of the land. *Kemp* v. *Cossart,* 47 Ark. 62 (14 S. W. 465); *Goodnow* v. *Moulton,* 51 Iowa, 555 (2 N. W. 395).' "

We are therefore of the opinion that all taxes paid by the defendant and its predecessors in title, which inure to the benefit of plaintiff's estate must be paid by the plaintiff under this holding of the court. This, it appears, was the view of the chancellor who heard the case. The decree is affirmed, without costs to either party.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, and SHARPE, JJ., concurred.

Justice KUHN took no part in this decision.