BLAKESLEE v. STREGO.

1. EQUITY—PLEADING—DEFENDANT WHO MERELY ANSWERED BILL NOT ENTITLED TO AFFIRMATIVE RELIEF.
    Defendant, having merely answered bill and prayed no affirmative relief, was not entitled to a decree purporting to grant him affirmative relief.

2. APPEAL AND ERROR—QUESTIONS OPEN TO REVIEW.
    Where defendant did not appeal, Supreme Court may not consider merits of his motion to dismiss plaintiffs' bill.

Appeal from Genesee; Parker (James S.), J. Submitted January 9, 1930. (Docket No. 63, Calendar No. 34,526.) Decided March 7, 1930.

Bill by Ernest E. Blakeslee and another against Harry J. Strego for rescission of a land contract and for other relief. From decree for defendant, plaintiffs appeal. Reversed.

*C. A. Withey* and *Bishop, Blackney & Church,* for appellants.

CLARK, J. Plaintiffs owned lot 9 and defendant lot 6 of Adelaid Plat in Flint. It was agreed that defendant build a dwelling on lot 6 and convey it to plaintiffs and that plaintiffs convey to him lot 9 toward paying the purchase price. Plaintiffs conveyed lot 9 to defendant, who sold it to an innocent purchaser. Defendant erected the dwelling on lot 6. A controversy arose between the parties. Plaintiffs filed a bill to rescind, and to have reconveyance of

lot 9, and for injunction restraining defendant from disposing of it. This was to no purpose, as he had already sold the lot. Plaintiffs amended their bill, alleging that defendant was insolvent, that he was the owner of lot 6, and praying injunction restraining sale or transfer of such lot. They did not pray specific performance of the contract respecting lot 6. After, it seems, a somewhat informal hearing or discussion, decree was entered for specific performance as to lot 6, and defendant tendered to plaintiffs compliance with the decree, which plaintiffs refused.

Plaintiffs filed and noticed for hearing a petition to set aside the decree. Defendant, although he had answered and prayed no affirmative relief, then moved to amend the decree by providing for sale of lot 6 by a circuit court commissioner ''on such terms as the court may decree and to provide a deficiency against the plaintiffs herein, in case the sale did not bring the amount of defendant's interest in the premises.'' The decree was amended to provide that ''the interest of the defendant'' in lot 6 be sold at public auction for cash by the circuit court commissioner. Plaintiffs have appealed.

Defendant, having answered merely and prayed no affirmative relief, was not entitled to a decree purporting to grant to him affirmative relief. *Niemetta* v. *Teakle,* 210 Mich. 590; *Thayer* v. *Lane,* Walk. Ch. 200; *Whitman* v. *Cook,* 191 Mich. 453.

Other criticisms of the decree, therefore, need not be considered. The trial court patiently tried to compose differences in this matter and to bring about some adjustment of it. It may be regretted that his suggestions were not accepted. We must set aside the decree. As defendant has not appealed, we may not consider the merits of his motion to dis-

miss plaintiffs' bill. On this record, no decree can be entered here.

Reversed. No costs. Cause remanded.

WIEST, C. J., and BUTZEL, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.