## SEMMES v. FULLER.

1. Taxation—Tax Sales—Requirement as to Payment of Bid Mandatory—Statutes.

Statutory provision requiring bidder at tax sale to pay amount of his bid at time he makes it, or at least within 24 hours thereafter, is mandatory (1 Comp. Laws 1929, § 3462, as amended by Act No. 71, Pub. Acts 1931).

2. Same—Setting Aside Tax Sale.

Statutory provision that no tax sale shall be set aside after confirmation, except in cases where taxes were paid, or property was exempt from taxation, has reference to sales legally made (1 Comp. Laws 1929, § 3462, as amended by Act No. 71, Pub. Acts 1931).

3. Same—Sale Without Payment Nullity.

Act of county treasurer in striking off land to purchaser at tax sale without requiring payment therefor within time fixed by statute, was nullity, and no rights passed to purchaser thereunder (1 Comp. Laws 1929, § 3462, as amended by Act No. 71, Pub. Acts 1931).

4. Same—Statutory Requirement as to Payment of Bid—Notice.

Purchaser at tax sale is bound to take notice of law in respect to requiring payment in full within 24 hours after sale.

5. Same—Right of Taxpayer to Insist on Valid Sale.

Although purpose of tax law providing for sale of lands is to secure payment of taxes, and not to protect delinquent taxpayer, he has right to insist that its mandatory provisions be reasonably complied with.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 14, 1933. (Docket No. 137, Calendar No. 37,128.) Decided May 16, 1933. Rehearing denied June 29, 1933.

Bill by Prewitt Semmes and another against O. B. Fuller, auditor general of the State of Mich-

igan, and H. C. Taylor to declare a tax sale of certain lands void.  Decree for defendants.  Plaintiffs appeal.  Reversed.

*Milburn & Semmes,* for plaintiffs.

*Patrick H. O'Brien,* Attorney General, and *Francis K. Young,* Assistant Attorney General, for defendant auditor general.

*Joseph S. McDowell,* for defendant Taylor.

Sharpe, J.  The facts in this case are stipulated by counsel.  The plaintiffs are the owners of certain property in the city of Detroit which was legally assessed for the year 1929.  The taxes spread thereon were not paid.  The defendant auditor general filed his petition for the sale of lands delinquent for that year with the county clerk of the county of Wayne on February 5, 1932.  An order of hearing was thereupon made, and on April 1, 1932, no objections having been filed by the plaintiffs, the circuit court of that county entered a decree for the sale, pursuant to section 67 of the general tax law (1 Comp. Laws 1929, § 3459).  It then became the duty of the county clerk to annex a copy thereof to the tax record and deliver the same to the county treasurer.  This apparently was done.

Section 3462, as amended by Act No. 71, Pub. Acts 1931, provides for the sale of delinquent tax lands by the county treasurer.  It shall begin on the first Tuesday of May in each year and shall continue from day to day until each parcel, or an interest therein, shall be sold, and, if no bids be made therefor, shall be bid off in the name of the State.

"The county treasurer may, in his discretion, require immediate payment of any person to whom

any parcel of such land may be struck off, and in all cases where payment is not made in twenty-four hours after sale, he shall declare the bid canceled and sell the land again; and any person to whom any parcel of land shall be so struck off neglecting for twenty-four hours after the close of such sale to pay to the county treasurer the amount of such bid, shall forfeit to the State five times the amount of such bid, and costs of suit therefor, which amount may be recovered in the name of the people of the State of Michigan in an action of debt, in any court of competent jurisdiction, and it shall be the duty of the county treasurer and prosecuting attorney of the county to prosecute for all such delinquencies and penalties without unnecessary delay. Any subsequent bid of such person made at the sale may be disregarded by the treasurer. * * * The several county treasurers shall receive on such sale only such funds as shall be receivable at the State treasury, and all moneys received at any tax sales that belong to the State shall be paid into the State treasury, and the expenses of advertising and sale shall be paid therefrom on the warrant of the auditor general, and the remainder shall be placed to the credit of the general fund.''

A report of such sale shall be filed with the clerk of the court within 25 days after the commencement thereof, and, if no objection be filed thereto within 8 days thereafter, the sale shall stand confirmed.

Section 3463 provides the form of the certificate to be issued to the purchaser, which shall contain the date on which the lands described therein were sold.

On Tuesday, the 3d day of May, 1932, the county treasurer commenced to sell such lands pursuant to said decree, and filed his report thereon with the county clerk on May 28th. No objection thereto was filed by the plaintiffs within the eight-day period provided for in section 3462.

During such sale the defendant Taylor bid in certain lands, the taxes thereon, including those delinquent for the tax of 1928, which, on the sale in the preceding year, had been bid in to the State and at that time had become State tax lands, aggregated the sum of $96,592.44. He made payment thereon to the county treasurer on May 21st $5,000, on July 9th $25,000, on August 6th $15,000, on August 15th $5,000, on August 22d $5,000, on October 8th $5,000, on November 19th $5,000, and, as appears by the stipulation:

"Recently he has paid a sufficient sum so that there remains unpaid as of November 28, 1932, on the aggregate purchase the sum of $25,000."

The first of the certificates of sale were delivered to the defendant Taylor on July 11, 1932. They were less in amount than the money at that time paid by him to the treasurer, and included the purchase of plaintiffs' lands for the tax of 1929, and the title then resting in the State for the tax of 1928, for which he was entitled to and afterwards received a State tax deed from the auditor general. On September 20th following, Taylor caused a notice of his purchase to be served upon the plaintiffs, as provided for in section 3535. To redeem therefrom, the plaintiffs were required, under section 3536, as amended by Act No. 10, Pub. Acts 1932 (1st Ex. Sess.), to pay to Taylor the amount paid upon his purchase and 50 per centum additional thereto, and the lawful fees for making such service, and $5 for each description thereof, within six months after service of such notice, and in default, Taylor would be entitled to a writ of assistance to put him into possession thereof.

Plaintiffs, soon thereafter, filed their bill of complaint herein, setting up the facts above stated, and

prayed that the sale of their lands to Taylor be declared void, and that the tax deed and the certificates he received therefor be canceled, and that the auditor general be enjoined from issuing to him a deed of their property upon said certificates.

Taylor in his answer makes claim that the delay in making payment on his purchase in no way affected the validity of the sale; that any irregularity in the sale was cured by the order of confirmation, and that plaintiffs may not, in this collateral proceeding, attack the same. The auditor general in his answer averred that he was without knowledge as to the manner in which the tax sale was conducted, but stated that the county treasurer made a full report thereof to his office, and he denied that the plaintiffs were entitled to relief.

The trial court found that the provision requiring immediate payment on such sales was directory only; that after confirmation the court had no jurisdiction to set aside the sale, and that plaintiffs may not make this collateral attack thereon, and dismissed the bill. Plaintiffs have appealed.

In our opinion, the statutory provision that the bidder must pay the amount of his bid at the time he makes it, or at the latest within 24 hours thereafter, is mandatory. The sale is a public one. Others present thereat had the right to assume that the treasurer would require Taylor to comply with the law, and that, if he did not make payment within the time fixed therefor, the lands would again be offered for sale as the statute required. Taylor's neglect to do so rendered him liable to the penalty fixed in the statute, and which it is made obligatory upon the treasurer and the prosecuting attorney of the county to institute a proceeding to collect.

The reason for the delay, as stated by the county treasurer, was due to the fact that a large number of descriptions were sold and that it was a matter of several months before he was able to fill out the certificates and deliver them to the purchasers. The statute should not be given an unreasonable construction. Section 3462, as amended by Act No. 71, Pub. Acts 1931, requires the treasurer, within 25 days after the commencement of the sale, to make and file with the clerk of the court a report of such sale, "therein referring to the tax record for the particulars thereof." The report was filed on May 28th. By it the court was informed that the treasurer had made sales to Taylor to the amount of $96,592.44, and yet payment had at that time been made to him of but $5,000. It is apparent that credit was extended to him by the treasurer.

To sustain such sales as valid might lead to alarming results. Had Taylor died after the report was made, or had he refused or been unable to make further payments, the treasurer would have been placed in an unfortunate position, which needs but be referred to and not discussed.

Counsel for the appellee Taylor insists that the plaintiffs are barred from obtaining the relief sought by the provision in section 3492 that no tax assessed upon any property or any sale of property for any tax shall be held invalid by any court in this State on account of any irregularity, informality, or omission that does not prejudice the property rights of the person whose property is taxed, and on the following provision in section 3462 as amended, as before stated:

"No sale shall be set aside after confirmation, except in cases where the taxes were paid, or the property was exempt from taxation."

These provisions of the statute have reference to sales legally made. The act of the county treasurer in striking off this land to Taylor upon the bid made by him therefor, without requiring the payment of the tax within the time fixed by the statute, was a nullity. No rights passed to him thereunder. The statute is express and positive in its terms. If the purchaser shall not make payment of the amount of his bid, the treasurer must offer the land for sale again. He may not accept anything but money which will be "receivable at the State treasury" (section 3462). The defendant Taylor was bound to take notice of the law in that respect. *People* v. *Seeley,* 117 Mich. 263.

While the purpose of the tax law providing for the sale of lands is to secure the payment of the taxes, and not to protect the delinquent taxpayer, he has the right to insist that its mandatory provisions shall be reasonably complied with. Had plaintiffs' land been bid in to the State, they might have redeemed it under much more favorable terms than were required by the notice served on them. (Act No. 10, above referred to.)

No legal sale was here made, and the provisions of the tax law above referred to and the cases cited by counsel construing them do not here apply.

No such question has been heretofore presented to this court. In *Hays* v. *Hunt,* 85 N. C. 303, wherein a somewhat similar question was involved, it was said (p. 309):

"In such a case the sale is void, because the officer, clothed only with a naked power, has exceeded the terms of his delegated authority, and in doing so has been aided and abetted by the purchaser."

In *Eastham* v. *Melville Land Co.,* 142 La. 610 (77 South. 475), one of the syllabi reads as follows:.

"The law requires all sales of property for taxes to be made for cash, and the adjudication does not become effective unless, and until, the cash is paid."

There was a somewhat different holding in *Judah* v. *Brothers,* 72 Miss. 616 (17 South. 752, 33 L. R. A. 481), but the dissenting opinion in that case seems much more convincing.

The decree appealed from is reversed, with costs against the defendant Taylor, and one may be here entered granting the plaintiffs the relief prayed for in their bill of complaint.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.