LAU v. STACK.

1. Equity—Cross-Bill—Affirmative Relief.

General rule that defendant in equity suit is not entitled to affirmative relief unless he files a cross-bill is subject to exception that plaintiff may be required to do equity as a condition precedent to obtaining all or part of the relief he seeks regardless of the pleadings in the case.

2. Taxation—Equity—Failure of Purchaser to Pay Bid Within 24 Hours.

Requiring owner of land to pay auditor general full amount of unpaid taxes, accrued penalties and interest as condition precedent to cancellation of tax certificates and deeds for failure of purchaser to pay bid within 24 hours after sale as required by statute held, properly imposed although auditor general did not file cross-bill (1 Comp. Laws 1929, § 3462).

3. SAME—EQUITY—REFUND TO TAX PURCHASERS—CROSS-BILL.

Portion of decree entitling tax purchasers to refund of sums required to be paid auditor general by owner as condition precedent to cancellation of tax certificates and deeds *held,* improper where tax purchasers filed no cross-bill and their right to a refund was extraneous to issue made by pleadings.

4. SAME—CANCELLATION OF TAX DEEDS—CONDITION PRECEDENT.

Owner may not be required to pay invalid or excessive amount of tax as condition precedent to cancellation of tax certificates and deeds.

5. EQUITY—CANCELLATION OF TAX DEEDS—CONDITION PRECEDENT.

On bill by owner to cancel tax certificates and deeds because of invalid tax sale, court of equity under its general powers may require him to pay the tax as a condition precedent to granting relief and such remedy is not barred by nonexclusive statutory remedy (1 Comp. Laws 1929, § 3465).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—AMICUS CURIÆ.

Issues of a case are controlled by the parties thereto and Supreme Court only considers issues raised by the parties, not new ones presented by brief of *amicus curiæ.*

7. TAXATION—LEASED PROPERTY—EQUITY—CANCELLATION OF TAX DEEDS—CONDITION PRECEDENT.

Payment of tax by owner of leased property who seeks cancellation of tax certificates and deeds was properly required of him as a condition precedent to granting such equitable relief, where he has made no attempt to pay such property's share of governmental expenses, did not appeal from final decree as to sale nor file objections to sale within eight days and waited six weeks after tax moratorium statute became effective before filing bill (1 Comp. Laws 1929, §§ 3459, 3462, Act No. 126, Pub. Acts 1933).

8. SAME—COMPUTATION OF INTEREST.

Interest on amounts paid by purchaser at tax sale, in case where owner is allowed relief by way of cancellation of tax certificates and deeds, is computed from date of payment of the bid rather than from the first day of the sale (1 Comp. Laws 1929, § 3462).

9. COSTS—PUBLIC QUESTION.

No costs are allowed in case in which question involved was a public one.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted June 13, 1934. (Docket No. 125, Calendar No. 37,913.) Decided December 10, 1934.

Bill by Harry G. Lau against John K. Stack, Jr., Auditor General, and others to cancel tax certificates and tax deeds and for other relief. From decree rendered, plaintiff appeals. Modified and affirmed.

*Lau & Lau* (*Max H. Horwood,* of counsel), for plaintiff.

*Patrick H. O'Brien,* Attorney General, *Francis K. Young* and *Andrew DeMaggio,* Assistants Attorney General, for defendant auditor general.

*Butzel, Levin & Winston, amici curiæ.*

BUSHNELL, J. The 1924, 1927 and 1928 taxes on lands located in the city of Ferndale, Oakland county, not having been paid when due, were returned delinquent to the auditor general; thereafter the premises were offered for sale by the treasurer of Oakland county as required by law. Section 3462, 1 Comp. Laws 1929, requires that the purchaser pay the amount of his bid within 24 hours. They were, however, paid as follows:

| Taxes for year | Date of commencement of annual tax sale | Date of payment of bid | Amount of bid |
|---|---|---|---|
| 1924 | May 3, 1927 | June 23, 1927 | $182.04 |
| 1927 | May 6, 1930 | Aug. 4, 1930 | 374.37 |
| 1928 | May 6, 1931 | July 21, 1931 | 411.67 |
| | | Total | $968.08 |

The county treasurer claims that, because of the large number of descriptions involved in the various tax sales, strict compliance with the statute was impossible, so far as time limits were concerned.

Plaintiff neither appealed from the final decree as to the sale (1 Comp. Laws 1929, § 3459) nor filed objections to the sale within eight days (1 Comp. Laws 1929, § 3462) and the sales were confirmed.

Defendant Waterman, who acquired the interests of the several tax purchasers, obtained possession of the property by writ of assistance on January 16, 1933. Plaintiff, on July 24, 1933, sought cancellation of the certificates and tax deeds because of the failure of the tax title purchasers to pay their bids within 24 hours as required by law. He now appeals from a decree granting such relief, which was conditioned, however, upon payment by him to the auditor general of the full amount of the unpaid taxes, accrued penalties and interest from the date of commencement of each of the tax sales. Appellant contends the decree should have been unconditional and while he refrains from emphasizing the matter, it is apparent that he seeks such a modification of decree as will require a new sale by the auditor general, thereby enabling plaintiff to have the benefit of the so-called "tax moratorium" statute, Act No. 126, Pub. Acts 1933, as amended by Act No. 11, Pub. Acts 1934 (Ex. Sess.). The auditor general did not file a cross-bill against plaintiff, nor did the remaining defendants file cross-bills against the auditor general.

The trial court recognized the authority of *Semmes* v. *Fuller,* 263 Mich. 214, but, in the exercise of its general equity powers, imposed upon plaintiff the conditions heretofore recited. Notwithstanding a consideration of the "statement of questions involved" as shown in the various briefs, the issues can be reduced to these:

1. (a) May affirmative relief be granted defendant auditor general in the absence of a cross-bill?

(b) Are tax title buyers entitled to refund of moneys paid, without filing a cross-bill seeking such relief?

2. (a) Has the court power in this cause to enter a conditional decree upon the pleadings and proofs?

(b) If so, should such power have been exercised?

The general rule and its exception is that:

"A defendant is not, as a general rule, entitled to affirmative relief, unless he files a cross-bill. This rule is subject to exception in a case where the plaintiff is equitably bound to do equity as a condition precedent to the obtaining of equitable relief." 10 R. C. L. p. 558.

In several cases we have held affirmative relief could not be granted a defendant in the absence of a cross-bill. Thus in setting aside defective statutory mortgage foreclosure, a judicial sale cannot also be ordered (*Schwarz* v. *Sears,* Walk. Ch. 170); and in dismissing a bill to reform a contract, the decree cannot also give funds in hands of plaintiff to the defendant (*Vary* v. *Shea,* 36 Mich. 388); and on dismissal of a bill to set aside a cloud on title defendant's title cannot be declared good (*Vroman* v. *Thompson,* 51 Mich. 452).

See, also, *Barras* v. *Youngs,* 185 Mich. 496; *Whitman* v. *Cook,* 191 Mich. 453; and *Blakeslee* v. *Strego,* 250 Mich. 196.

We have, however, affirmed decrees containing conditions, in the absence of cross-bills. In *Cooley* v. *Harris,* 92 Mich. 126, 134, where on foreclosure of a purchase-money mortgage the trial court deducted from the amount necessary to redeem, sufficient to 'cover a prior mortgage which the mortgagee vendor

had concealed from the plaintiff at the time of the purchase, we said:

"The facts upon which the relief granted is based are fully set up in the answer, although not followed by a specific prayer for the relief to which such facts clearly entitle the defendants, and in such a case a court of equity will not hesitate to decree substantial justice, treating the prayer as amended."

In *Miller* v. *Steele,* 146 Mich. 123, 126, redemption was allowed where two tax deeds had been erroneously issued, the owner redeeming one with no knowledge of the existence of the other. In that case the following was given as the reason:

"It is true, defendant did not ask for affirmative relief. But the court was not required to grant the precise relief prayed for by complainant with the alternative of granting no relief."

Two authorities of interest, with facts closely related to those at bar, are *Farmers' Loan & Trust Co.* v. *Railroad Co.,* 60 C. C. A. 588 (126 Fed. 46), and *DeWalsh* v. *Braman,* 160 Ill. 415 (43 N. E. 597), in both of which the conditional relief was affirmed. The language in the *Farmers' Loan Case* is particularly applicable here:

"It is true that the general rule is that a cross-bill is indispensable to the grant of affirmative relief to a defendant in equity. But there is an exception to this rule, as well settled and uniformly applied as the rule itself. It is that no cross-bill is requisite to the application of the maxim that he who asks equity must do equity. It is that any relief, affirmative or otherwise, may be granted to a defendant which the principle embodied in this maxim requires the court to impose upon the complainant as a condition of granting all or a part of the relief he seeks, regardless of the pleadings which present it."

If plaintiff, as a condition to obtain relief, is required to pay the amounts due, it will only be requiring him to do equity. Though the result will be the giving of affirmative relief to the auditor general, such a condition may be imposed even in the absence of a cross-bill.

Relief seems to have been granted to the defendant tax purchasers, or at least suggested, even though they sought no relief by cross-bill. The following is contained in the decree:

"The defendants, and their heirs or assigns, are entitled to a refund by the auditor general of the sums heretofore paid  *  *  *  (for the tax certificates)."

In a bill to foreclose a mortgage, where the mortgagor and his successors in title who had assumed the mortgage were made defendants, we held that the mortgagor who had not filed a cross-bill against his codefendants was not entitled to a decree providing that upon payment of the deficiency he became subrogated to the right of the mortgagee against the other defendants, his successors in title. *Ehinger* v. *Fiske,* 261 Mich. 240.

Since defendant tax purchasers did not file cross-bills a determination of their right to a refund is entirely extraneous to the issue made by the pleadings. Hence the above quoted language was improperly included in the decree.

The second question is that of the power of the court to condition its relief in a case of this kind. Had the tax itself been invalid, the plaintiff could not have been required to pay it as a condition of invalidating the sale. *Sinclair* v. *Learned,* 51 Mich. 335, 344, but by the same authority, if the tax had been valid but excessive, he could have been required

to pay the correct tax. Here, however, the sale itself was irregular. The tax is valid and the amount correct. Should not the plaintiff be required to pay the tax as a condition of setting aside the defective sale? The following cases hold that such a condition can be imposed: *Sinclair* v. *Learned, supra; Jenkinson* v. *Auditor General,* 104 Mich. 34; *Connecticut Mutual Life Ins. Co.* v. *Wood,* 115 Mich. 444; *Morgan* v. *Tweedle,* 119 Mich. 350; *Closser* v. *Hanson Land Co.,* 209 Mich. 517; *Aztec Copper Co.* v. *Auditor General,* 128 Mich. 615; and *McVannel* v. *Pure Oil Co.,* 262 Mich. 518. Appellant argues that we should observe the limitations of *Semmes* v. *Fuller, supra.* It is true that the relief there was unconditional but that case does not deny the power of the court to impose conditions. It simply indicates that the equities of the situation were not such as to justify a conditional decree and we do not construe it as a limitation upon the general powers of a court of equity. Plaintiff also urges that 1 Comp. Laws 1929, § 3465, takes from the court the power to coerce payment of taxes by a conditional decree and that the sale, being a nullity, the auditor general may use only the ordinary processes to enforce the State's lien for taxes, and even though the relief in equity is more elastic, nevertheless, equity follows the law, citing *G. F. Sanborn Co.* v. *Alston,* 153 Mich. 456, and other authorities. This argument is overcome by the cases we have heretofore cited, many of which were decided following the enactment of 1 Comp. Laws 1929, § 3465. A court of equity should not be barred from applying its remedy merely because of the creation of a nonexclusive statutory remedy.

The brief of *amici curiæ* presents a still different theory. It contends that 1 Comp. Laws 1929, § 3460,

together with 1 Comp. Laws 1929, § 3462, establishes that the purchaser took nothing by his bid; that the taxes are not paid, and, therefore, the taxpayer is entitled to pay the taxes as provided in Act No. 126, Pub. Acts 1933, as amended by Act No. 11, Pub. Acts 1934 (Ex. Sess.). This reasoning may apply if the land had been bid in by the State, but could only apply to the present facts if we are to indulge in the fiction that the treasurer as a matter of law declared the bid canceled, and "for any reason" failed to offer the land for sale, so that it was considered and treated as bid off to the State. If we did this, as the period of redemption has expired, we would also be required to indulge in the further fiction that compliance with the decree would be buying the land from the State. We appreciate the fact that it is difficult to restrict the effect of a given opinion to the facts of the case, but we are only concerned with a determination of the issue presented by the pleadings and the proofs and do not care to enlarge upon them, especially in matters so vital to the welfare of the body politic as those of the payment of taxes. We must, therefore, decline to follow the reasoning of the brief of *amici curiæ*. The issues are controlled by the parties to the case and we only consider the issues raised by the parties. *Union Steam Pump Sales Co.* v. *Secretary of State,* 216 Mich. 261.

Should the court have exercised its power to enter a conditional decree? We have already indicated that 1 Comp. Laws 1929, § 3465, is not a limitation of general equity powers. There is little equity in plaintiff's case. His property was sold in 1927, 1930 and 1931. Not until six weeks after Act No. 126, Pub. Acts 1933, was in effect did he do anything. The record intimates that the premises were occupied by a tenant, producing what income we do not

know, yet no attempt was made to pay the property's share of the expenses of government. While tax statutes apply alike to all property, the conscience of the court is not moved by the facts of this case, which are distinguishable from the *Semmes Case*, it arising out of the nonpayment of 1929 taxes, and as to which that plaintiff moved promptly. This promptness of action marks a very bright line between *Semmes* v. *Fuller* and the case at bar.

The trial court sitting in equity had power to condition its relief as equity and good conscience demanded, and we find no reason for disturbing the result except to strike out the gratuitous suggestion as to refund by the auditor general to the tax title purchaser.

It is conceded in the brief of the auditor general that interest should be computed only from the actual date of payment of the bid rather than from the first day of the sale.

We call attention to the fact that we have not found it necessary to pass upon the question of statutory penalty provided for in 1 Comp. Laws 1929, § 3462, preferring to do so when that issue may be squarely presented.

With the two modifications named, the decree is affirmed but without costs, the question being a public one.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.