TAYLOR *v.* AUDITOR GENERAL.

1. TAXATION—PURCHASE AT TAX SALE ON CREDIT.

A purchase of land at a tax sale on credit is contrary to statute and void since it amounts to collusion between the county treasurer and prospective purchaser to violate the law, opens the door to unlawful preference of purchasers, to virtual fraud upon landowners and prospective buyers and has a tendency to discourage latter to the general detriment of tax sales (1 Comp. Laws 1929, § 3462, as amended by Act No. 71, Pub. Acts 1931).

2. SAME—DELAYED PAYMENT AND CERTIFICATE OF SALES—COUNTY TREASURERS.

Tax sale certificate, issued more than 24 hours after sale because of county treasurer's refusal to take money until afterwards due to great number of descriptions involved in the sale and confusion in his books, *held*, valid, no claim being made that there was an agreement for credit, either actual, by tacit understanding, or by subterfuge, nor that delay in payment by purchaser was due to any other cause than inability or fault of the treasurer (1 Comp. Laws 1929, § 3462, as amended by Act No. 71, Pub. Acts 1931).

3. SAME—TAX SALE CERTIFICATE—DELAY IN ISSUANCE.

A *bona fide* purchaser at a tax sale could compel the county treasurer to make immediate receipt of payment and issue certificate of sale but his awaiting the necessities of the treasurer does not defeat his right of purchase (1 Comp. Laws 1929, § 3462, as amended by Act No. 71, Pub. Acts 1931).

4. SAME—STATUTE AS TO PAYMENT AT TAX SALE DIRECTORY IN CERTAIN CASES.

Statutory requirement that taxes be paid within a specified time is directory where purchaser is ready, willing and able to complete his purchase within the statutory time but is prevented from doing so by the act of the county treasurer (1 Comp. Laws 1929, § 3462, as amended by Act No. 71, Pub. Acts 1931).

5. SAME—COUNTY TREASURERS—DELAY IN ACCEPTING PAYMENT AND ISSUING CERTIFICATES OF SALE.

Purchaser at tax sale who paid purchase price more than 24 hours after sale at request of treasurer because of large number of descriptions involved in the sale *held*, not entitled to mandamus to compel refund of moneys paid, since sale, under the circumstances, was not shown to have been made on credit (1 Comp. Laws 1929, § 3462, as amended by Act No. 71, Pub. Acts 1931, § 3490).

6. COSTS—TAXATION—MANDAMUS.

In mandamus proceeding to compel auditor general to refund money paid for land after tax sale, no costs are awarded upon denial of the writ (1 Comp. Laws 1929, § 3462, as amended by Act No. 71, Pub. Acts 1931, § 3490).

7. MANDAMUS—QUESTIONS REVIEWABLE—PARTIES.

In mandamus proceeding by purchaser at tax sale to compel auditor general to refund money paid, consideration of equities of landowners and others, not parties to this proceeding, who may have changed their position to their injury because of a previous decision of this court, is not herein indulged.

Mandamus by Henry C. Taylor to compel John K. Stack, Jr., Auditor General, to refund certain moneys paid for tax certificates. Joseph B. Sumeracki, Wayne County Treasurer, intervened as party defendant. Submitted June 11, 1935. (Calendar No. 38,232.) Writ denied March 2, 1936.

*Penny & Clark,* and *Joseph S. McDowell,* for plaintiff.

*Harry S. Toy,* Attorney General, *Edmund E. Shepherd* and *Peter J. Monaghan, Jr.,* Assistants Attorney General, for defendant.

*Duncan C. McCrea,* Prosecuting Attorney, and *Sweetman G. Smith,* Assistant Prosecuting Attorney, for intervener.

FEAD, J.   This case presents a rather anomalous situation.

At the tax sale held by the county treasurer of Wayne county in May, 1932, plaintiff made purchases aggregating about $96,000.  He did not pay any part of the tax purchase money within 24 hours after the bid, as provided in 1 Comp. Laws 1929, § 3462, as amended by Act No. 71, Pub. Acts 1931, but he paid in instalments extending over several months.

In *Semmes* v. *Fuller,* 263 Mich. 214, at suit of an original owner of part of the land so purchased, we declared the sale to plaintiff void, holding that the statutory provision for payment within 24 hours is mandatory.  In the instant case (both parties conceding that under *Semmes* v. *Fuller, supra,* the tax sales herein to plaintiff were void), plaintiff seeks writ of mandamus to compel the auditor general to refund to him the moneys he paid on the purchases, claiming under 1 Comp. Laws 1929, § 3490, which provides for refund to a tax purchaser of the amount received from such purchaser if the tax sale is made "in contravention of any of the provisions of this act."

The anomaly arises from this: That the facts as disclosed in the record in the *Semmes Case* are different from the facts as disclosed in the record in

this case. As we must decide cases upon the facts presented, the difference in facts results in the anomaly that the same tax sale may be held both void and valid; and it is not inconceivable that, in other suits between plaintiff and individual original owners involving the same purchases, the factual situation may take still another trend. We cannot accept the concession that the *Semmes Case* controls here.

In *Semmes* v. *Fuller, supra,* because payment was made in instalments, the tax purchases had the earmarks of sales on credit. In an agreed statement of facts, the parties asserted that the delay in issuing certificates to plaintiff was explained by the county treasurer as due to press of business in his office, but no explanation nor excuse for failure of plaintiff to pay for his purchases within the 24 hours was offered. This court held that the sale was on credit, decision proceeded upon such finding of fact and the opinion must be read as applying to such situation.

In the instant case the facts, as alleged by plaintiff and accepted by the auditor general, are that plaintiff's agent appeared at the tax sale to purchase lands, the treasurer told him to buy but that he would not receive any money on the purchase until after the sale because of the great number of descriptions involved in the sale and confusion in his books. No claim is made that there was an agreement for credit, either actual, by tacit understanding, or by subterfuge; nor that delay in payment by plaintiff was due to any other cause than inability or fault of the treasurer. Obviously, the facts before us disclose that the sale was not on credit and, therefore, is not governed by the *Semmes Case.*

In *Re Petition of Auditor General, post,* 53 (104 A. L. R. 813), with exhaustive citation of authorities, we held a sale not on credit not void and pointed out that the authorities sustain the *Semmes Case* in holding a sale on credit void. The distinction so made is reasonable because it is fundamental.

Whether from good or bad motives, a sale on understanding for credit amounts to collusion between the treasurer and prospective purchaser to violate the law. It opens the door to unlawful preference of purchasers, to virtual fraud upon landowners and upon prospective buyers, and has a tendency to discourage the latter to the general detriment of tax sales.

On the other hand, a sale not upon credit, in which the purchaser is willing but is unable to pay because of the refusal of the treasurer to accept payment on account of administrative difficulties, rests upon a different foundation. To deny a *bona fide* purchaser the benefit of his bid under such circumstances would deprive him of his statutory right to perfect the sale on account of neglect or failure of the officer to obey the law. Clearly, the purchaser would have legal remedy to compel immediate receipt of payment and issue of certificate. His awaiting the necessities of the treasurer, ordinarily with slight delay, instead of bringing suit with its attendant expense and lapse of time, should not, and does not, defeat his legal right of purchase.

The weight of authority is that the statutory requirement for payment of taxes within a specified time is directory. In the cases so holding, there were no intervening rights and the effect of violation of the statute is made to depend upon circumstances. We do not depart from the statement in the *Semmes Case,* that the provision is mandatory because the sale was on credit. We would not hesi-

tate to repeat the statement in a case where, because of failure to pay within the statutory time, the landowner is deprived of an opportunity to pay, other tax purchasers to buy, or under other circumstances where violation of the law worked injury or injustice. But, obviously, the provision cannot be held mandatory where the purchaser is ready, willing and able to complete his purchase within the statutory time, is prevented therefrom by an act of the treasurer, and would have a right of action to compel completion of the purchase.

Under the facts now before us, the sale was not upon credit, was not subject to a mandatory operation of the statute requiring payment within 24 hours and, as between the parties hereto, was valid. The taxes involved in *Semmes* v. *Fuller, supra,* are controlled by the law of the case. Plaintiff is entitled to refund thereof and writ will issue. As to the other taxes, writ of mandamus will be denied. Neither party will have costs.

It has been suggested that, relying on the *Semmes Case,* landowners and others have changed their position to their injury and equities have arisen which should entitle them to relief by way of extension of the period of repurchase or otherwise. It is conceivable that equities may have so arisen which, upon prompt action and doing equity, would entitle persons to equitable consideration and relief. But, of course, we cannot here anticipate such cases or render decision thereon until they have been duly presented.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with FEAD, J.

POTTER, J., concurred in the result.

The late Justice NELSON SHARPE took no part in this decision.